UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cr-00081-RLY-CSW |
| | ) | |
| IREN M. OUTLAW, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On January 23, 2024, the Court held an Initial hearing on the USPO Petition for Warrant for Offender Under Supervision (Docket No. 56). Defendant Iren Outlaw appeared in person and with his Attorney Jonathan Chance. The government appeared by Todd Shellenbarger, Assistant United States Attorney. U.S. Parole and Probation appeared by Officer Justin Driskill.

This matter was referred to the Magistrate Judge to conduct a hearing and make a report and recommendation as to the disposition. (Docket No. 60). The defendant was advised that the District Judge is not bound to accept the Report and Recommendation.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant Outlaw of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary

hearing and instead, indicated he wanted to plead guilty to the allegations in the petition.

2.      After being placed under oath, Defendant Outlaw admitted violation numbers 1 and 2. ([Docket No. 56](#)).  The government offered Exhibit 1, Defendant's Sentencing Order for Vanderburgh Circuit Court, as evidence. The Exhibit was admitted without objection.

3.      The allegations as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| | As previously reported to the Court, on November 30, 2021, Mr. Iren Outlaw was arrested and formally charged in Vanderburgh County, Indiana Circuit Court in cause 82C01-2111-F6-006468 for Resisting Law Enforcement Level 6 Felony. |
| 2 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."** |
| | On December 28, 2023, Mr. Outlaw submitted a urine sample with Evansville Volunteers Hope Hall which tested positive for Opiates (Noroxycodone and Oxymorphone). Confirmation testing results returned positive for Opiates (Noroxycodone and Oxymorphone). Mr. Outlaw admitted to ingesting Opiates and/or Oxycodone prior to the December 28, 2023, urine screen. |
| | On August 30, 2023, Mr. Outlaw submitted a urine sample with Evansville Volunteers Hope Hall which tested positive for Opiates (results returned positive for Noroxycodone and |

Oxymorphone). Mr. Outlaw admitted to ingesting Opiates (Noroxycodone and Oxymorphone).

On July 27, 2023, Mr. Outlaw submitted a urine sample which tested positive for Cocaine. Mr. Outlaw admitted to ingesting Cocaine prior to the July 27, 2023 urine screen.

On May 19, 2023, Mr. Outlaw submitted a urine sample which tested positive for Cocaine. Mr. Outlaw admitted to ingesting Cocaine prior to the May 19, 2023 test and most recently on May 25, 2023.

On May 8, 2023, Mr. Outlaw submitted a urine sample which tested positive for Cocaine. Mr. Outlaw denied use of cocaine and this sample was sent for further confirmation testing and returned positive for Benzoylecgonine - Cocaine Metabolite.

On April 20, 2023, Mr. Outlaw submitted a urine sample which tested positive for Cocaine. Mr. Outlaw admitted to ingesting Cocaine prior to the April 20, 2023 test and most recently on April 25, 2023. This sample was sent for further confirmation testing and returned positive for Cocaine Metabolite.

On September 2, 2022, Mr. Outlaw submitted a urine sample which tested positive for opiates. Mr. Outlaw admitted on or about September 1, 2022, to ingesting a Lortab, an opiate pain pill, without a valid prescription.

4. The parties stipulate that:

   (a) The highest grade of violation is a Grade **B** violation.

   (b) Defendant's criminal history category is **VI**.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **21 to 24** months imprisonment.

5. The government recommended a sentence of incarceration for a period of twenty-one (21) months with no further supervision to follow. Defendant's

3

counsel argued for a sentence of twenty-one (21) months with a period of placement at a substance abuse treatment facility and no further supervision to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and the evidence as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months with no further supervision upon release from imprisonment. To the extent substance abuse treatment is available to the Defendant at the Bureau of Prisons, Defendant is encouraged to take advantage of such treatment during his incarceration.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen (14) days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: January 24, 2024

*Crystal S. Wildeman*
Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.